IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RAMONE WILLIE GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 114-012 |
| | ) |
| HAROLD SIMPSON, Correctional | ) |
| Officer I, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 17.) The Magistrate Judge recommended dismissal of Plaintiff's complaint, filed on January 17, 2014, for failure to exhaust administrative remedies prior to the commencement of his case because he stated that he was currently waiting on a response to the "final appeal" of his formal grievance. (Doc. no. 14, pp. 5-6.)

In his objections, Plaintiff provides new information and states that he has complied with the grievance procedures and fully exhausted his administrative remedies because he filed his complaint after the warden failed to respond to his formal grievance within forty days, per Georgia Department of Corrections' Standard Operating Procedure ("SOP"). (Doc. no. 17, pp. 1-2.) Additionally, the director of investigations responded to his grievance in March 2014 by saying that it was referred to internal investigation, which Plaintiff asserts terminates the grievance process. (Id. at 5.)

The Courts finds that this new information provides no reason to depart from the Magistrate Judge's recommendation. Under the SOP, the warden's alleged failure to respond to his grievance within forty days entitles Plaintiff to immediately file a Central Office Appeal on his grievance, not immediately file a civil action, and it does not end the grievance process. SOP IIB05-0001 § VI(E)(4). Plaintiff did not immediately appeal, but instead filed this action. Therefore, Plaintiff had not properly exhausted his administrative remedies by using all steps of the available exhaustion procedure when he filed this action. Woodford v. Ngo, 548 U.S. 81, 93 (2006). Additionally, while the SOP provides that a referral of a grievance to internal investigation does terminate the grievance process, SOP IIB05-0001 § VI(D)(8), the director of investigations' response notifying Plaintiff it was referred was not issued until March 2014, two months after Plaintiff filed this civil action. (Id. at 5.) Therefore, Plaintiff did not complete the administrative grievance procedure *before* initiating this action, and therefore did not exhaust his administrative remedies. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (*per curiam*).

As a result, the Court **OVERRULES** Plaintiff's objections. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's complaint without prejudice for failure to exhaust administrative remedies, and **CLOSES** this civil action.

SO ORDERED this 14th day of July, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2